THE STATE OF MONTANA, Plaintiff and Respondent, v. RONALD ALLEN SMITH, Defendant and Appellant.

No. 84-199.
Decided July 24, 1984.

ORDER

PER CURIAM:

The defendant, Ronald Allen Smith, was convicted of two counts of deliberate homicide and two counts of aggravated kidnapping by the Flathead County District Court. These convictions followed the kidnapping and shooting of Harvey Mad Man, Jr., and Thomas Running Rabbit, Jr., and were entered upon the defendant's guilty pleas. The District Court imposed the death sentence and notice of appeal was filed March 30, 1984.

The appellant filed a motion with this Court June 14, 1984, requesting the following:

(1) Permission to submit a memorandum on the provisions of Section 46-18-310, MCA;

(2) A statement by the Court specifying the cases it will consider in determining whether the death sentence is excessive or disproportionate;

(3) Copies of transcripts, police investigative reports, witness statements, depositions and presentence reports for those cases the court will consider in its review;

(4) An additional twenty days to file a responsive memorandum addressing these cases; and,

(5) That all documentation requested be furnished at public expense.

Appellant is essentially asking this Court, prior to submission of briefs and prior to review, what cases it will consider in its decision. Accordingly, we deny appellant's requests (2) and (3). Such practice would undermine our appellate review procedure. Responsibility for setting forth the legal authority relevant to an appeal falls on counsel, not the Supreme Court.

The current request presents a similar question as when the petitioner in *Fitzpatrick v. State* (Mont. 1981), 638 P.2d 1002, 38 St.Rep. 1448, contended that he was denied meaningful appellate sentence review. Fitzpatrick alleged the Court did not consider the sentencing transcript or a compilation of sentences imposed for crimes committed throughout the state. We decided that the transcript was considered and the Court compared petitioner's sentence with those of other capital defendants and that was all that was required.

Similarly, we find that Section 46-18-310(3), MCA, only requires that the cases considered in deciding whether the death penalty is disproportionate be set forth in the final opinion. Beyond this statutory mandate, we refuse to create an affirmative duty to predisclose those cases that will be considered. In accordance with our decision appellant's requests (4) and (5) are rendered moot. Ronald Allen Smith's continuing status as an indigent is acknowledged.

Appellant is granted thirty days from the date of this order to file a memorandum addressing the points specified by Section 46-18-310, MCA. The State is granted thirty days from service of appellant's memorandum to file a reply memorandum.

MR. CHIEF JUSTICE HASWELL and MR. JUSTICES HARRISON, SHEEHY. WEBER and GULBRANDSON concur.

MR. JUSTICE MORRISON, concurring:
I concur in the result only.

MR. JUSTICE SHEA, dissenting:
Although the defendant's requests would impose a huge burden on this Court, I believe it is a burden we must assume in a capital case. Therefore, I would grant defendant's request.